UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROOFERS' PENSION FUND; ROOFERS' UNIONS WELFARE TRUST FUND; CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND; ROOFERS' RESERVE FUND; ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND; ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND; NATIONAL ROOFING INDUSTRY PENSION PLAN; and UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11,<br><br>Plaintiffs,<br><br>vs.<br><br>BOFO WATERPROOFING, LLC, an Illinois limited liability corporation,<br><br>Defendant. | CASE NO.: 1:20-CV-441<br><br>JUDGE:<br><br>MAG. JUDGE: |

**COMPLAINT**

NOW COME the Plaintiffs, the ROOFERS' PENSION FUND, the ROOFERS' UNIONS WELFARE TRUST FUND, the CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND, the ROOFERS' RESERVE FUND, the ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND, the ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND, the NATIONAL ROOFING INDUSTRY PENSION PLAN (the "TRUST FUNDS"), and the UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11 (the "UNION") (collectively the "Plaintiffs"), and complain of Defendant BOFO WATERPROOFING, LLC ("BOFO"), as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the ROOFERS' PENSION FUND, the ROOFERS' UNIONS WELFARE TRUST FUND, the CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND, the ROOFERS' RESERVE FUND, and the NATIONAL ROOFING INDUSTRY PENSION PLAN (collectively the "TRUST FUNDS") are administered at 2021 Swift Drive, Suite B, Oak Brook, Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Standard Working Agreement ("SWA") negotiated between the UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED WORKERS LOCAL NO. 11 ("LOCAL 11") and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. ("CRCA") and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND ("PROMOTIONAL FUND") is a labor management cooperation committee that is administered in Westchester, Illinois.

5. ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND ("INDUSTRY FUND") is an industry improvement fund administered in Hillside, Illinois.

6. BOFO is an Illinois limited liability corporation with its principal place of business in Chicago, Illinois.

## COUNT I
## BREACH OF CONTRACT

7. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. BOFO signed a Memorandum of Understanding whereby it agreed to be bound by the terms of the Standard Working Agreement negotiated between the UNION and the Chicago Roofing Contractors Association ("CRCA"). (A copy of the Memorandum of Understanding is attached as **Exhibit 1**); (A copy of the SWA for the period of June 1, 2011 through May 31, 2015 is attached as **Exhibit 2**); (A copy of the SWA for the period of June 1, 2015 through May 31, 2018 is attached as **Exhibit 3**).

9. Pursuant to the terms of the Memorandum of Understanding and the terms of the SWA, BOFO became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

10. Pursuant to the Trust Agreements, the Trustees adopted the Employer Collection and Audit Procedures ("Collection Procedures") to administer the collection of contributions from employers.

11. The provisions of the SWA, Trust Agreements, and Collection Procedures require BOFO to make monthly reports of hours worked by bargaining unit employees and pay contributions to the TRUST FUNDS, the INDUSTRY FUND, and the PROMOTIONAL FUND for each hour worked pursuant to the SWA at the negotiated rate. The monthly

remittance reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

12. Pursuant to the SWA and properly executed dues check-offs cards, employers are required to deduct $0.93 as dues for each hour worked by its employees under the SWA from its employees' wages and remit the deduction to LOCAL 11 on a monthly basis. The monthly remittance reports and dues during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the SWA, Trust Agreements, and Collection Procedures, employers who fail to timely submit their monthly remittance reports and contributions to the TRUST FUNDS, the INDUSTRY FUND, and the PROMOTIONAL FUND, and dues to LOCAL 11, on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid plus interest at the prime rate as published by the Wall Street Journal plus 4 percentage points for each month that contributions remain unpaid, plus any reasonable attorneys' fees and costs of maintaining suit.

14. The Plaintiffs' auditor performed an audit of BOFO's financial books and records for the period of June 1, 2014 through March 31, 2017, which revealed that BOFO owes the TRUST FUNDS, the INDUSTRY FUND, the PROMOTIONAL FUND, and LOCAL 11 the aggregate amount of $598,683.51 itemized as follows:

| Type: | Amount Owed: |
|---|---|
| Contributions and Wage Assessments | $510,159.26 |
| Liquidated Damages | $51,015.93 |
| Interest | $37,508.32 |
| **Total:** | **$598,683.51** |

15. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing the Plaintiffs from BOFO.

16. Plaintiffs have complied with all conditions precedent in bringing this suit.

17. BOFO is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. This Honorable Court enter an Order in favor of the Plaintiffs and against BOFO in the amount of $598,683.51 for contributions, liquidated damages, and interest as revealed by the audit for the period of June 1, 2014 through March 31, 2017;

B. This Honorable Court enter an Order in favor of Plaintiffs and against BOFO for any amounts discovered to be owed by BOFO to Plaintiffs in addition to those in Paragraph A above;

C. Defendant BOFO be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the SWA, the Trust Agreements, Collection Procedures, and 29 U.S.C. § 1132(g)(2)(D); and

D. Plaintiffs have such other relief as the Court may deem just and equitable all at BOFO's cost pursuant to 29 U.S.C. § 1132(g)(2)(D).

Respectfully Submitted,

/s/ Matthew D. Grabell
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5469
grabell@johnsonkrol.com